**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 11-20792-CIV-UNGARO

REINA I NORAT BATISTA, MARCIA A SENIOR AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),

Plaintiff,

v.

ANGELS FOREVER, INC., ALBA M TORRES,

Defendant,

v.

WELLS FARGO BANK, N.A., Successor in Interest to Wachovia Bank, N.A.

Garnishee.

_______________________________________/

**GARNISHEE'S VERIFIED**
**MOTION TO VACATE FINAL JUDGMENT OF GARNISHMENT,**
**MOTION TO STAY EXECUTION OF FINAL JUDGMENT**
**AND**
**MEMORANDUM OF LAW**

COMES NOW Garnishee, Wells Fargo Bank, N.A., successor in interest to Wachovia Bank, N.A. ("Garnishee" and "Wells Fargo"), by and through its undersigned attorneys, and

(A) pursuant to Rules 1.440(c), 1.080, 1.090(a) and 1.500(e), Fla. R. Civ. P., Rule 2.516 (b)(1)(B),(D)(f), and (h), Fla. R. Jud. Admin., moves to vacate the Order Granting Plaintiffs' Motion for Final Judgment as to Garnishee filed herein on December 17, 2013 (the "Final Judgment") on the grounds that Plaintiff did not afford Garnishee its due process entitlement to notice and an opportunity to be heard at the trial on the unliquidated damages, in that: (1) that Plaintiff failed to serve Garnishee with a copy of the order setting the required trial

on unliquidated damages, and (2) failed to serve Garnishee with a notice of the required hearing at which the issue of unliquidated damages must be determined.

(B) pursuant to Rules 1.440(c) and 1.540(b), Fla. R. Civ. P., Article I, Section 9 of the Constitution of the State of Florida and the Fourteenth Amendment to the Constitution of the United States, moves to vacate the Final Judgment entered herein on the grounds that "enforcement of such a judgment would constitute a taking of property from the ...[Garnishee] without due process of law."

(C) pursuant to Rule 1.540(b), Fla. R. Civ. P., and Section 77.083, Florida Statutes, moves to vacate the Final Judgment entered herein on the grounds that the amount of damages contained in the Final Judgment is contrary to Florida Law.

(D) pursuant to Rule 1.540(b), Fla. R. Civ. P., and Section 77.083, Florida Statutes, moves to vacate the Final Judgment entered herein on the grounds that the allegations in the complaint do not entitle the Plaintiff to relief, in that the "affirmative relief [granted to Plaintiff] ... is not supported by ... substantive law applicable to the pleadings".

(E) pursuant to Rule 1.540(b), Fla. R. Civ. P., and Section 77.083, Florida Statutes, moves to vacate the Final Judgment filed herein on the grounds: (1) that because of mistake, inadvertence or excusable neglect, Garnishee did not timely file its Answer to the Writ of Garnishment, (2) that Garnishee has a meritorious defense to the amount contained in the Final Judgment, and (3) that the amount of damages contained in the Final Judgment is contrary to Florida Law.

(F) pursuant to Rule 1.550(b), Fla. R. Civ. P., moves to stay execution of the Final Judgment entered herein until this Court has had an opportunity to hold a hearing and enter a ruling on Garnishee's pending Garnishee's Verified Motion To Vacate Final Judgment of Garnishment (the "Motion to Vacate Final Judgment") on the grounds: (1) that Garnishee failed to timely file its Answer to the Writ of Garnishment because of mistake, inadvertence or excusable neglect, (2) that Garnishee has a meritorious defense to the amount contained in the Final Judgment, and (3) that the amount of damages contained in the Final Judgment is contrary to Florida Law,

and in support thereof states:

1. Garnishee was served with a Writ of Garnishment on or about September 11, 2013 (the "Writ of Garnishment"), based on the Return of Service filed with the Court, as to Defendant "Angels Forever, Inc., Alba M Torres" (together the "Defendant").

2. Wells Fargo's employee in the local branch of Wells Fargo in Florida that was served with the Writ of Garnishment, and who is responsible for forwarding such writs of garnishments to the Legal Order Processing Department of Wells Fargo, either through mistake, inadvertence, or excusable neglect, and contrary to Wells Fargo's standard procedures, did not furnish the Writ of Garnishment to the Legal Order Processing Department of Wells Fargo for Processing and forwarding to its attorneys for preparation and filing of an Answer to the Writ of Garnishment, or if forwarded, the Legal Order Processing Department of Wells Fargo, either through mistake, inadvertence or inexcusable neglect, did not properly record and process the Writ of Garnishment.

3. The Final Judgment was filed on December 17, 2013, in favor of Plaintiff against Garnishee for **$127,414.64, the full amount of Defendant's obligation to Plaintiff, plus costs**.

4. Plaintiff's counsel furnished Wells Fargo a copy of the Motion for Final Judgment and proposed Order. Wells Fargo sent said documents to Well Fargo's attorney in Florida that prepares and files answers to writs of garnishment for Wells Fargo in Florida. Wells Fargo's attorney thereafter forwarded said documents to the Legal Order Processing Department of Wells Fargo in Philadelphia, Pennsylvania, which Department is responsible for administering writs of garnishments for Wells Fargo.

5. Thereafter, the undersigned attorneys for Wells Fargo (a) received from Wells Fargo's Legal Order Processing Department the work papers reflecting Wells Fargo's indebtedness to Defendant, (b) ascertained that the Final Judgment against Garnishee had been entered by the Court in an amount in excess of Garnishee's liability to Defendant and (c) were retained by Garnishee to file an answer and appropriate responsive pleading to the Final Judgment.

6. The Garnishee has acted with due diligence in moving to set aside the Final Judgment in that Garnishee has prepared and served on Plaintiff's attorney by email, and efiled with the Clerk of the Court: (a) its Answer to the Writ of Garnishment, based on information furnished by Wells Fargo, in which **Garnishee states that it is only indebted to Defendant in**

**the amount of $36,933.88** (the "Answer", a copy of which is attached hereto), and (b) its Motion to Vacate Final Judgment.

7. Garnishee has a meritorious defense to the amount contained in the Final Judgment as shown by its Answer, which states that Garnishee is only indebted to Defendant in the amount of $36,933.88. Bailey v. Deebold, 351 So.2d 355 (Fla. App. 2 Dist 1977); Clark V. Roberto's Inc., 320 So.2d 870 (Fla App. 4 Dist 1975); and Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 801 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved by the Florida Supreme Court, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997).

8. Section 77.083, Florida Statutes, states in relevant part as follows:

> "... No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee" (Emphasis added).

Section 77.083, Florida Statutes, follows the general intent of the Garnishment Statute, Chapter 77, Florida Statutes, in limiting a garnishee's liability under a writ of garnishment to garnishee's liability to the defendant, in that Section 77.06, Florida Statutes, states in relevant part as follows:

> "77.06 Writ; effect.-
>
> (1) Service of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of garnishee's answer." (Emphasis added)

9. "It is well settled that when a plaintiff obtains a default in a suit for unliquidated damages, the default only establishes liability. **It remains necessary for the plaintiff to prove its damages at a hearing after notice to the defaulting party**."(Emphasis added) Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 798 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997).

10. **"[A] writ of garnishment under chapter 77 [Florida Statutes] asserts a claim for an unliquidated sum.** That being so, plaintiff was not allowed to obtain an ex parte default judgment. Instead, plaintiff was required to give notice of trial on damages, and adduce proof of the amount of money held by the Bank." (Emphasis added) Security Bank, N.A. v. BellSouth

Advertising & Pub. Corp., 679 So.2d 795, at page 802 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). See also: Caruana and Lorenzen, P.A. v. Garone, 748 So.2d 321 (Fla. App. 3 Dist. 1999)

11. **"A defaulting party [Garnishee] has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.** Protection of this right is provided by Florida Rule of Civil Procedure 1.080(h)(1) and the last sentence in Rule 1.440(c)." (Emphasis added) Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 800 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). Rule 1.080(h)(1), Fla. R. Civ. P. is now continued in Rule 2.516(h), Fla. R. Jud. Admin.

12. No notice of the trial on damages was given to Garnishee or its attorney of record, the Plaintiff merely filing "Plaintiffs' Notice of Ripeness" on the date of, or the day immediately prior to, entry of the Final Judgment.

13. In a case involving the same issue presented to the Court in this case, an appellate court reviewed a lower court decision in which "The trial court entered final judgment after default against appellant/garnishee without first receiving evidence of any indebtedness from garnishee to the judgment debtors. The garnishee appeals. We reverse." Hauser v. Dr. Chatelier's Plant Food Co., Inc., 350 So.2d 548, at page 549 (Fla. App. 2d Dist. 1977). The appellate court then ruled that "Hauser [garnishee] merely by suffering a default against the writ did not admit any ultimate facts on which a judgment could be based. [citations omitted]. Accordingly, Chatelier [plaintiff] has not established any rights whatsoever to the garnishee's assets." Hauser v. Dr. Chatelier's Plant Food Co., Inc., 350 So.2d 548, at page 549 (Fla. App. 2d Dist. 1977).

14. **A judgment can not be entered against the Garnishee for an amount in excess of the amount of Garnishee's indebtedness to the Defendant**, because to do so "would lead to a deprivation of the garnishee's property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution and Article I, Sec. 9 of the Constitution of Florida." (Emphasis added) (Carpenter v. Benson; 478 So.2d 353, at page 354 (Fla. App. 5 Dist. 1985), *review denied*, 488 So.2d 829 (Fla. 1986)); therefore, the amount of damages against

Garnishee included in the Final Judgment is contrary to Florida law. Section 77.083, Florida Statutes; Carpenter v. Benson; 478 So.2d 353 (Fla. App. 5 Dist. 1985), *review denied*, 488 So.2d 829 (Fla. 1986); Tire Kingdom, Inc. v. Bowman,480 So.2d 221 (Fla. App.5 Dist. 1985); and see Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 803 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997).

15. "'Judgment creditors derive their right to proceed against a garnishee only by virtue of the fact that the garnishee holds money or property owed to the judgment debtor. Trial judges should exercise their discretion in such a way as to insure that the judgment creditor receives no greater rights against a garnishee than would have been available to the judgment debtor in a proceeding against the garnishee. *Reeves v. Don L. Tullis and Assoc., Inc.*, 305 So.2d 813 (Fla. 1st DCA 1974).' *United Presidential Life Insurance Co. v. King*, 361 So.2d 710, 713 (Fla.1978). 'The Garnishee is not, by service of the writ, to be placed in any worse condition than if the defendant, his creditor, had brought suit upon the claim which is garnished. As to the garnishee, the plaintiffs take the shoes of the defendant, the principal debtor, and can assert only the rights of the latter.' *Howe v. Hyer*, 36 Fla. 12, 17 So. 925, 926 (1895)." Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 799 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). See also Carpenter v. Benson; 478 So.2d 353, at page 354 (Fla. App. 5 Dist. 1985), *review denied*, 488 So.2d 829 (Fla. 1986).

16. Further, **"'[A] motion to set aside a default judgment requires no allegations or showing of excusable neglect where the basis for the motion is that the allegations in the complaint do not entitle the plaintiff to relief.** Magnificent Twelve, Inc. v. Walker, 552 So.2d 1031 (Fla. 3rd DCA 1988)'. Becerra v. Equity Imports, Inc., 551 So.2d at 488-89 (footnotes and citations omitted; emphasis added)." (Emphasis added) Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 803 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). "This Court has also held that on a Rule 1.540 motion, relief can be granted where the plaintiff has obtained relief that is not supported by the pleadings or by substantive law applicable to the pleadings." Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 803 (Fla. App. 3 Dist. 1996), rehearing denied,

review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). In this case, the substantive law in Chapter 77, Florida Statutes, which Chapter governs all Florida garnishments, specifically states that "...No judgment...in excess of the amount of the liability of the garnishee to the defendant...shall be entered against the garnishee." Section 77.083, Florida Statutes.

17. Rule 1.540 (b), Fla. R. Civ. P. states in pertinent part as follows:

> "On motion and upon such terms as are just, the court may relieve a party ...from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; .... The motion shall be filed within a reasonable time, and for reasons (1),(2), and (3) not more than 1 year after the Judgment, decree, order, or proceeding was entered or taken....

18. Garnishee, with due diligence, served its Motion to Vacate Final Judgment on Plaintiff within a reasonable time, and less than one year after the filing of the Final Judgment, by emailing a copy of said Motion to Plaintiff's attorney on January 3, 2014. Rule 1.540 (b), Fla. R. Civ. P.. Plaintiff will not be prejudiced by the delay in having this Motion heard by the Court.

19. Rule 1.550 (b), Fla. R. Civ. P. states in pertinent part as follows:

> "**Rule 1.550(b) Stay**. The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parties."

20. Based on the content of this motion, including the citations herein, and the affidavit in support thereof to be filed herein by Garnishee, the Final Judgment should be set aside on the grounds described in paragraphs (A) through (F) above.

21. Garnishee should be awarded its attorneys' fees, pursuant to Section 77.28, Florida Statutes, for being required to defend itself as garnishee herein against a Final Judgment against Garnishee for an amount in excess of Garnishee's indebtedness to Defendant(s), based on facts that Plaintiff is aware, or should be aware, prohibit recovery by Plaintiff because of its failure to give Garnishee the required notice of the hearing on damages and because of Section 77.083, Florida Statutes.

22. The Garnishee has retained the law firm of Marks Gray, P.A. to represent it in this matter and requests that it be paid its attorney's fees and costs pursuant to section 77.28, Florida Statutes.

WHEREFORE, Garnishee prays this Court to enter an Order pursuant to Rules 1.440(c), 1.080, 1.190, 1.500(e), 1.540(b) and 1.550(b), Fla. R. Civ. P., Rule 2.516 (b)(1)(B),(D),(f) and (h), Fla. R. Jud. Admin., Sections 77.06, 77.083 and 77.28, Florida Statutes, Article I, Section 9 of the Constitution of the State of Florida and the Fourteenth Amendment to the Constitution of the United States, (a) Vacating the Final Judgment and reflecting that Garnishee is not indebted to Plaintiff or Defendant in an amount in excess of $36,933.88 and (b) awarding Garnishee its attorney's fees and costs.

MARKS GRAY, P.A.

By John B. Kent

John B. Kent
Florida Bar No. 042442
P. O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

VERIFICATION

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me this 3rd day of January 2014, by JOHN B. KENT, who is personally known to me and did take an oath.




Notary Public, STATE OF FLORIDA
Print Name:________________
My Commission Expires:________________

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy hereof has been furnished to the email or mail address(es) listed on the attached Service List by email or mail on January 3, 2014

MARKS GRAY, P.A.

By John B. Kent

John B. Kent
Florida Bar No. 042442
P. O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

SERVICE LIST

J.H. Zidell, Esq., P.A.
(zabogado@aol.com;;)

Angels For Ever Inc
7201 SW 142nd Avenue
Miami, FL 33183-3157

Christian Torres
7201 SW 142nd Avenue
Miami, FL 33183-3157

Alba M Torres
7201 SW 142nd Avenue
Miami, FL 33183-3157

Ovidilio Torres
7201 SW 142nd Avenue
Miami, FL 33183-3157

Luz Moreno
7201 SW 142nd Avenue
Miami, FL 33183-3157

Angels For Ever Inc
13039 SW 4th Street
Miami, FL 33184-1211

Christian Torres
13039 SW 4th Street
Miami, FL 33184-1211

Alba M Torres
13039 SW 4th Street
Miami, FL 33184-1211

Ovidilio Torres
13039 SW 4th Street
Miami, FL 33184-1211

Luz Moreno
13039 SW 4th Street
Miami, FL 33184-1211

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 11-20792-CIV-UNGARO

**REINA I NORAT BATISTA, MARCIA A SENIOR AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),**

**Plaintiff,**

**v.**

**ANGELS FOREVER, INC., ALBA M TORRES,**

**Defendant,**

**v.**

**WELLS FARGO BANK, N.A.,**

**Garnishee.**

_______________________________________/

**ANSWER OF GARNISHEE**
**AND**
**DEMAND FOR GARNISHMENT DEPOSIT**

COME NOW Garnishee, Wells Fargo Bank, N.A., successor in interest to Wachovia Bank, N.A., by and through its undersigned attorneys, and answers the Writ of Garnishment served herein on it and says:

1. At the time of service of said Writ (plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ) and at the time of this Answer, and in between said times, excluding any "protected amount" as defined in Title 31, Subtitle B, Chapter II, Subchapter A, Part 212, Code of Federal Regulations, **if any**, the Garnishee may be indebted to Defendant(s), "Alba M Torres, and/or Angels Forever, Inc. a/k/a Angels For Ever, Inc.":

A. in the amount of $26,899.33 by virtue of an account(s) in the name of "Angels For Ever Inc"

B. in the amount of $6,525.13 by virtue of an account(s) in the name of "Christian Torres, Alba M Torres"

C. in the amount of $3,505.42 by virtue of an account(s) in the name of "Ovidilio Torres, or Alba M Torres, or Luz Moreno"

D. in the amount of $4.00 by virtue of an account(s) in the name of "Christian Torres, Alba M Torres"

at the address(es) shown on the Service List, and Garnishee in good faith has retained the sum of **$36,933.88** in accordance with Chapter 77, and primarily Section 77.06(2) and (3), *Florida Statutes*.

2. Under Garnishee's Account Agreement with Garnishee's customer, Garnishee has a contractual right of setoff and a security interest in its customer's accounts for Legal Process, including garnishments, and it hereby claims this right as an Affirmative Defense. Specifically, among its other rights, Garnishee is authorized to charge against its customer's account(s) a Legal Process Fee in the amount of $125.00. See *Baxter Healthcare Corp. v. Universal Medical Labs, Inc.*, 760 So. 2d 1126 (Fla. App. 5 Dist 2000). Said sum has been taken from an account(s) enumerated in paragraph 1 above, or charged to an account(s), and the amount shown in paragraph 1 reflects the sum held and available for garnishment after setoff. Garnishee's Legal Process Fee is in addition to the statutory $100.00 garnishment deposit payable to Garnishee's attorney for filing this Answer (Section 77.28 *Florida Statutes*).

3. The Garnishee has no other deposit, account or tangible or intangible personal property of Defendant(s) in its possession or control at the time of service of said Writ and at the time of this Answer, and in between said times, and knows of no other person indebted to the Defendant(s) or who may have any of the effects of the Defendant(s).

4. Except as provided in paragraph 1 above, the Garnishee has no obligation to make, and has not made, a factual determination as to whether any property of the Defendant(s) in its possession or control is subject to any exemption provided to the Defendant(s) by State or Federal law.

5. The Garnishee has retained the law firm of Marks Gray, P.A. to represent it in this matter and requests that it be paid its attorney's fees and costs as allowed by law.

**DEMAND FOR GARNISHMENT DEPOSIT**

The Clerk will please pay to the undersigned the $100.00 garnishment deposit required by Section 77.28 *Florida Statutes,* in the above-styled cause.

MARKS GRAY, P.A.

By [signature]
John B. Kent
Florida Bar No. 042442
P. O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY (1) that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the first name on the attached Service List and (2) that a copy hereof has been furnished to the email or mail address(es) listed on the attached service list by email or mail on January 3, 2014.

MARKS GRAY, P.A.

By [signature]
John B. Kent
Florida Bar No. 042442
P. O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

SERVICE LIST

J.H. Zidell, Esq., P.A.
(zabogado@aol.com;;)

Angels For Ever Inc
7201 SW 142nd Avenue
Miami, FL 33183-3157

Christian Torres
7201 SW 142nd Avenue
Miami, FL 33183-3157

Alba M Torres
7201 SW 142nd Avenue
Miami, FL 33183-3157

Ovidilio Torres
7201 SW 142nd Avenue
Miami, FL 33183-3157

Luz Moreno
7201 SW 142nd Avenue
Miami, FL 33183-3157

Angels For Ever Inc
13039 SW 4th Street
Miami, FL 33184-1211

Christian Torres
13039 SW 4th Street
Miami, FL 33184-1211

Alba M Torres
13039 SW 4th Street
Miami, FL 33184-1211

Ovidilio Torres
13039 SW 4th Street
Miami, FL 33184-1211

Luz Moreno
13039 SW 4th Street
Miami, FL 33184-1211